## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

**INNOVATION VENTURES, LLC.**
**d/b/a LIVING ESSENTIALS,**
a Michigan limited liability company,

   *Plaintiff*,

vs.

**BOOST OXYGEN LLC,**
a Connecticut limited liability company,

   *Defendant*.

**HONORABLE** _____

**CIVIL ACTION NO.** _____

***JURY TRIAL DEMANDED***

---

| | |
|---|---|
| MARK A. CANTOR | (P32661) |
| THOMAS W. CUNNINGHAM | (P57899) |
| MARC LORELLI | (P63156) |

**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan  48075
(248) 358-4400

  *Attorneys for Plaintiff*

---

## **COMPLAINT AND JURY DEMAND**



Plaintiff, Innovation Ventures, LLC d/b/a Living Essentials, does hereby allege for its Complaint against the Defendant as follows:

**THE PARTIES AND JURISDICTION**

1. Plaintiff, Innovation Ventures, LLC d/b/a Living Essentials (hereinafter "Living Essentials"), is a Michigan limited liability company, having its principal offices at 38955 Hills Tech Drive, Farmington Hills, Michigan 48331.

2. On information and belief, Defendant, Boost Oxygen, LLC (hereinafter "Defendant"), is a Connecticut limited liability company, having its principal place of business at 955 Connecticut Avenue, Unit 5216, Bridgeport, Connecticut 06607.

3. Defendant distributes, offers for sale and sells the accused products as described herein throughout the United States, including in interstate commerce through an interactive website with this address: www.upenergyshot.com in the State of Michigan and this District.

4. This Court has subject matter jurisdiction over the claims herein pursuant to 15 U.S.C. § 1121, 28 U.S.C. §1331, and 28 U.S.C. § 1338(a) and (b), *et. seq.* in that this case arises under the trademark laws of the United States.

5. This is a civil action for trademark infringement and unfair competition arising under the Trademark Act of 1946, as amended, 15 U.S.C. §1125.

- 1 -



6. This Court has personal jurisdiction over the Defendant because the Defendant is conducting business in the State of Michigan and this District as alleged above, and is committing acts of infringement in this District. To the extent not already established on the record in hand, the factual contentions of paragraph 3 above are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## FACTUAL BACKGROUND

*Living Essentials and Its Asserted Trademark*

7. Living Essentials is a national marketer and distributor of nutritional and dietary supplements, including 2-ounce liquid energy supplements.

8. Living Essentials is the current owner of the 5-hour ENERGY trademark used by Living Essentials since at least 2004 as a trademark for use with the 5-hour ENERGY supplement product.

9. Living Essentials' 5-hour ENERGY product is sold through over 100,000 retail locations nationwide and is widely available on the Internet. Sales and promotion of the 5-hour ENERGY product since 2004 have amounted to well over $400 million dollars. Further, Innovation Ventures has spent hundreds of millions of dollars in advertising and promoting the 5-hour ENERGY product. As such, the 5-hour ENERGY mark is inherently distinctive and/or has acquired distinctiveness in the marketplace.

10. The 5-hour ENERGY Trademark symbolizes business goodwill of Living Essentials, and is an intangible asset of substantial commercial value.



11. Living Essentials' 5-hour ENERGY Trademark has been extensively promoted by Living Essentials to its customers through various forms of national media, including television, radio, print, and the Internet.

12. Living Essentials' 5-hour ENERGY Trademark distinguishes Living Essentials as the source of its products, is inherently distinctive, and has further become distinctive through the acquisition of secondary meaning.

13. Sales, advertising and promotion of the 5-hour ENERGY Products since 2004 have amounted to multiple hundreds of millions of dollars.

14. As a result of the distinctive nature of Living Essentials' 5-hour ENERGY Trademark, and Living Essentials' extensive nationwide display, sales, promotion, and use of same, Living Essentials' 5-hour ENERGY Trademark has become associated with Living Essentials in the minds of the trade and the consuming public in the 2-ounce liquid energy supplement category.

15. Since 2004, long prior to the acts of the Defendant herein alleged, Living Essentials and its authorized distributors and dealers have used the 5-hour ENERGY Trademark in connection with its supplements, including in connection with promotion, marketing and advertising of supplements, for sale throughout the world, including the United States and this District. These products are hereinafter collectively referred to as the "5-hour ENERGY Products."

16. As a result of such continuous use and extensive sales, advertising and promotion of the 5-hour ENERGY Trademark by throughout the United States, the products

- 3 -



associated with the 5-hour ENERGY Trademark enjoys nationwide recognition, is recognized by the public as emanating from Living Essentials and is famous.

17. The 5-hour ENERGY Trademark is a famous mark and represents property of great value and goodwill to Living Essentials.

18. The 5-hour ENERGY trademark as used on Living Essentials' product as illustrated below.



*Defendant's Activities*

19. Subsequent to Living Essentials' use of the 5-hour ENERGY Trademark as above alleged, and with actual knowledge of Living Essentials' use of the 5-hour ENERGY Trademark, and with the intent to misrepresent the source of Defendant's goods, Defendant adopted and is using 6 HOUR ENERGY SHOT, that is confusingly similar and/or a colorable imitation of Living Essentials' 5-hour ENERGY Trademark, in



connection with the advertising, offering for sale and sale of 2-ounce liquid energy supplements in the United States, in the State of Michigan, and this District.

20. Defendant's packaging prominently features the 6 HOUR ENERGY SHOT. Defendant's use of this confusingly similar trademark is without license, consent, approval or other authorization from Living Essentials.

21. Defendants' use of the 6 HOUR ENERGY SHOT trademark is likely to cause confusion, mistake or to deceive as to the connection or association of Defendants or its products with Living Essentials. This likelihood of confusion is compounded by the fact that: (1) Defendant's packaging shares a top coloring scheme with Living Essentials product, and (2) Defendants' products are packaged in a 2-ounce bottle that is identically shaped and wrapped Living Essentials' 5-hour ENERGY products.

22. Defendant has no consent, license, approval or other authorization to use the 5-hour ENERGY Trademark or a colorable imitation thereof in connection with its products.

23. Defendant's use of 6 HOUR ENERGY SHOT, that is confusingly similar and/or a colorable imitation of Living Essentials' famous 5-hour ENERGY Trademark, as alleged in the foregoing paragraphs clearly shows the willful intent of the Defendant to misrepresent the source of Defendant's goods so as to cause confusion, mistake or to deceive as to Defendant's connection or association with Living Essentials.

- 5 -



- COUNT ONE -
## FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING AND TRADEMARKS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

24.     Living Essentials repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

25.     Despite Living Essentials' well-known prior rights in the 5-hour ENERGY Trademark, Defendant has knowingly used and continues to use in commerce 6 HOUR ENERGY SHOT, that is confusingly similar and/or a colorable imitation of Living Essentials' 5-hour ENERGY Trademark in connection with the sale, offering for sale and distribution of products that the Defendant manufactures, advertises, promotes, and sells. Defendant has used colorable imitations of the 5-hour ENERGY Trademark knowing that the marks will cause confusion with Living Essentials' 5-hour ENERGY 2-ounce liquid energy supplements.

26.     Defendant's use of 6 HOUR ENERGY SHOT alleged above is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant with Living Essentials, or as to the origin, sponsorship, approval, of Defendant's products with Living Essentials in violation of 15 U.S.C. §1125.

27.     Defendants' actions constitute willful infringement of Living Essentials' exclusive rights in the 5-hour ENERGY trademark.



28. Defendant's acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendant's goods, and constitute a violation of 15 U.S.C. § 1125(a).

29. By reason of Defendant's actions, Living Essentials has suffered irreparable harm to the valuable 5-hour ENERGY Trademark. Unless Defendant is restrained from its actions, Living Essentials will continue to be irreparably harmed.

30. Living Essentials has no adequate remedy at law that will compensate for the continued and irreparable harm that it will suffer if Defendant's acts are allowed to continue.

31. As a direct and proximate result of Defendant's conduct, Living Essentials has suffered damages to its valuable 5-hour ENERGY Trademark and other damages in an amount to be proved at trial.



### - COUNT TWO -
### COMMON LAW TRADEMARK INFRINGEMENT

32.     Living Essentials repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

33.     Living Essentials was the first to use the 5-hour ENERGY Trademark on a 2-ounce supplement or any mark similar thereto in association with the sale of a 2-ounce supplement.  As a result of the continued sale by Living Essentials of 5-hour ENERGY Products bearing the 5-hour ENERGY Trademark since at least 2004, the 5-hour ENERGY Trademark has become widely known and Living Essentials has become identified in the public mind as the manufacturer and/or licensor of the products to which the 5-hour ENERGY Trademark is applied.

34.     As a result of the experience, care, and service of Living Essentials in producing 5-hour ENERGY Products, 5-hour ENERGY Products have become widely known and have acquired a famous reputation for quality and performance.  Moreover, the 5-hour ENERGY Trademark has become associated with 5-hour ENERGY Products, and has come to symbolize the reputation for quality and excellence of 5-hour ENERGY Products.  The 5-hour ENERGY Trademark is inherently distinctive and/or has acquired distinctiveness

35.     Defendant, with knowledge of and with intentional disregard of Living Essentials' rights, continues to advertise, promote, and sell products using 6 HOUR



ENERGY SHOT which are likely to cause confusion with Living Essentials' 5-hour ENERGY Trademark.

36. Defendant's acts constitute willful infringement of Living Essentials' exclusive rights in its 5-hour ENERGY Trademark, in violation of the common law. By reason of Defendant's actions, Living Essentials has suffered irreparable harm to its valuable 5-hour ENERGY Trademark. Unless Defendant is restrained from further infringement of the 5-hour ENERGY Trademark, Living Essentials will continue to suffer irreparable harm.

37. Living Essentials has no remedy at law that will adequately compensate it for the irreparable harm that it will suffer if Defendant's conduct is allowed to continue.

38. As a direct and proximate result of Defendant's conduct, Living Essentials has suffered damages to the valuable 5-hour ENERGY Trademark and other damages in an amount to be proved at trial.



# DEMAND FOR RELIEF

WHEREFORE, Living Essentials demands entry of a judgment granting relief against the Defendant as follows:

A. A determination that the Defendant has violated 15 U.S.C. § 1125(a), that Living Essentials has been damaged by such violations, and that the Defendant is liable to Living Essentials for such violations;

B. A determination that the Defendant has committed common law trademark infringement, that Living Essentials has been damaged by such infringement, and that Defendant is liable to Living Essentials for common law trademark infringement;

C. An Order requiring Defendants to pay Living Essentials compensatory damages in an amount as yet undermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117, and other applicable laws;

D. An Order requiring Defendants to pay Living Essentials statutory damages in an amount as yet determined caused by the foregoing acts in accordance with 15 U.S.C. § 1117(c);

E. A determination that the Defendants have no right or authority to issue, grant, register, license, or otherwise authorize the use of 5-hour ENERGY or confusingly similar marks, on the Internet in connection with selling, advertising, or promoting Defendants' products without Living Essentials' consent;



F.  A determination that the violation of Living Essentials' rights was willful;

G.  A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

H.  Under all claims for relief, that injunction be temporarily, preliminarily, and permanently issued enjoining Defendant, its officers, employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(1)  using the 6 HOUR ENERGY SHOT mark on its 2-ounce liquid energy supplements, or any mark confusingly similar to the 5-hour ENERGY mark;

(2)  imitating, copying, or making any unauthorized use of the 5-hour ENERGY Trademark;

(3)  importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any services or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of either the 5-hour ENERGY Trademark;

(4)  using any simulation, reproduction, counterfeit, copy or colorable imitation of the 5-hour ENERGY Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of any product or service;



(5) using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting the 5-hour ENERGY Trademark) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant are in any manner associated or connected with Living Essentials, the 5-hour ENERGY brand, or the 5-hour ENERGY Trademark, or is sold, manufactured, licensed, sponsored, approved or authorized by Living Essentials.

I. For an Order directing that Defendant deliver for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using 6 HOUR ENERGY SHOT or any other simulation, reproduction, or colorable imitation of Living Essentials' 5-hour ENERGY Trademark, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

J. For an Order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendant is authorized by Living Essentials or related in any way to 5-hour ENERGY Products;

K. For an Order directing the Defendant and its agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon Living Essentials' counsel within thirty (30)

- 12 -



days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment;

L.  An Order permitting Living Essentials, and/or auditors of Living Essentials, to audit and inspect the books, records, and premises of the Defendant and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendant's past use of Living Essentials' intellectual property, including all manufacturing, distribution, and sales of products bearing the 6 HOUR ENERGY SHOT mark, as well as the Defendant's compliance with the orders of this Court;

M.  For an award of Living Essentials' costs and disbursements incurred in this action, including Living Essentials' reasonable attorney's fees;

N.  For an award of Living Essentials' damages trebled or, alternatively, an award of Defendant's wrongful profits trebled, whichever is greater, plus Living Essentials' costs and attorney's fees, pursuant to 15 U.S.C. § 1117;

O.  For an award of Living Essentials' damages arising out of Defendant's acts;

P.  For an order requiring Defendant to file with the Court and provide to Living Essentials an accounting of all sales and profits realized by Defendant through the use of the 5-hour ENERGY Trademark or colorable imitations thereof;

Q.  For an award of interest, including pre-judgment interest on the foregoing sums; and



R.   For such other and further relief as the Court may deem just and appropriate.

**DEMAND FOR JURY**

Plaintiff, Living Essentials, demands a trial by jury for all issues so triable.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

By:   /s/ Marc Lorelli
    MARK A. CANTOR         (P32661)
    THOMAS W. CUNNINGHAM   (P57899)
    MARC LORELLI           (P63156)
    1000 Town Center, Twenty-Second Floor
    Southfield, Michigan  48075
    Tel: (248) 358-4400; Fax:(248) 358-3351
    Email: mcantor@brookskushman.com
           tcunningham@brookskushman.com
           mlorelli@brookskushman.com

Dated:  October 22, 2009

    *Attorneys for Plaintiff*

